Randal M. Barnum     State Bar No. 111287
Carrie E. Croxall    State Bar No. 190430
LAW OFFICES OF RANDAL M. BARNUM
279 East H Street
Benicia, CA  94510
Telephone:    707.745.3747
Facsimile:    707.745.4580
rbarnum@rmblaw.com
ccroxall@rmblaw.com

Attorneys for Defendant: PRIVATE INDUSTRY COUNCIL OF SOLANO COUNTY, INC., dba WORKFORCE INVESTMENT BOARD OF SOLANO COUNTY (erroneously sued herein as WORKFORCE INVESTMENT BOARD, INC.)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1021,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>WORKFORCE INVESTMENT BOARD, INC.<br><br>Defendant/Respondent. | CASE NO.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>**(Federal Question Jurisdiction)** |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF/PETITIONER AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. Sections 1331, 1441(a) and 1446, Defendant/Respondent PRIVATE INDUSTRY COUNCIL OF SOLANO COUNTY, INC., dba WORKFORCE INVESTMENT BOARD OF SOLANO COUNTY (erroneously sued herein as WORKFORCE INVESTMENT BOARD, INC.) ("Defendant" or "WIB") hereby removes the above-entitled action from Solano County Superior Court to the United States District Court for the Eastern District of California.

# REMOVAL JURISDICTION

1. On August 6, 2013, Plaintiff Service Employees International Union, Local 1021 ("Plaintiff" or "SEIU 1021") filed a Verified Petition to Compel Arbitration in Solano County Superior Court against WIB entitled *Service Employees International Union, Local 1021 v. Workforce Investment Board, Inc.*, Case No. FCS042119.

2. WIB was personally served with the Petition to Compel Arbitration on August 7, 2013. A copy of the Petition and supporting papers, as well as all process, pleadings, notices and orders filed in the State Court action are attached hereto as **Exhibit "A."** Because this Notice of Removal is filed within thirty (30) days of service of the Petition on Defendant, removal is timely pursuant to 29 U.S.C. Section 1446(b).

3. As will be demonstrated below, the subject civil action necessarily arises under Section 301 of the Labor Management Relations Act, 29 U.S.C. 185(a). ("LMRA") As such, it is a case over which this Court has original jurisdiction under 28 U.S.C. Section 1331, and removal is therefore appropriate under 28 U.S.C. Section 1441.

4. At all relevant times, WIB has been, and is, a corporation which offers programs and services to provide employers access to qualified workers, and equip job seekers to compete in the job market. As such, it has been, and is, a corporation "in an industry affecting commerce" within the meaning of the Labor Management Relations Act ("LMRA") Sections 152(2), (6), (7), and 185(a).

5. At all relevant times, SEIU 1021 has been, and is a labor organization in which certain employees of WIB participate and which exists for the purpose of dealing with employees' grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work. At all relevant times, SEIU 1021 has been, and is, a labor organization within the meaning of Section 2(5) and 301(a) of the LMRA, 29 U.S.C. Sections 152(5) and 185(a).

6. At all relevant times during their employment with WIB, the employment of SEIU 1021's members with WIB was specifically governed by a Collective Bargaining Agreement ("CBA") entered into between WIB and SEUI 1021. A true and correct copy of the CBA is attached hereto as **Exhibit "B."** At all relevant times, this CBA has been and is a

DEFENDANT'S NOTICE OF REMOVAL

contract between an employer and a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. Section 185(a).

7. SEIU 1021's factual allegations include various types of conduct covered by the CBA. For example, SEIU 1021 alleges that a dispute exists over the interpretation and/or application of the CBA (Petition, ¶ 5.) SEIU 1021 specfically alleges that WIB is in violation of the CBA because WIB: refused to meet to initiate and to participate in the informal resolution process prior to a formal grievance being filed (Petition, ¶¶ 5 and 7); refused to process grievances (Petition ¶ 9); and failed and refuses to comply with the grievance and arbitration provisions of the CBA (Petition ¶ 12).

8. The LMRA confers federal jurisdiction in any suit between an employer and a labor union for violation of a collective bargaining agreement. (See 29 U.S.C. § 185(a), (b); *K.V. Mart Co. v. United Food & Commercial Workers Int'l Union, Local 324* (9th Cir. 1999) 173 F.3d 1221, 1224-1225.) The preemptive force of Section 301 of the LMRA is such that it "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and the entire Complaint is removable to federal court. (*Caterpillar Inc. v. Willams* (1987) 482 U.S. 386, 392; *Franchise Tax Board v. Construction Laborers Vacation Trust* (1983) 463 U,S, 1m 23 ("if a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law"); *Associated Builders & Contractors, Inc. v. Local 302, IBEW* (9th Cir. 1997) 109 F. 3d 1353, 1356.)

9. Because this lawsuit alleges a violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce, it is by definition, under Section 301 of the LMRA (29 U.S.C. § 185), a suit arising under an act of Congress regulating commerce. As such, it is an action over which this Court has original jurisdiction, without respect to the amount in controversy and without regard to the citizenship of the parties. (29 U.S.C. § 185 and 28 U.S.C. § 1331.)

/ / /

DEFENDANT'S NOTICE OF REMOVAL

10. Since this action under 29 U.S.C. § 185 is a suit involving claims of a right arising, if at all, under the laws of the United States, it may be removed to this Court under the provisions of 28 U.S.C. Sections 1441(b) and 1446 without regard to the citizenship or residence of the parties.

## VENUE

11. Venue lies in the United States District Court, Eastern District of California pursuant to 28 U.S.C. Sections 1441(a) and 1391(b), because the original state court action was filed in this district and this is the jurisdictional district in which the action arose.

## INTRADISTRICT ASSIGNMENT

12. SEIU 1021's claims arose in Solano County. Assignment to the Sacramento division of this Court is therefore proper under Local Rule 120(c).

## NOTICE TO STATE COURT AND TO PLAINTIFF

13. Written notice of the filing of this Notice of Removal will promptly be given to SEIU 1021 and, together with a copy of the Notice of Removal and supporting papers, will promptly be filed with the Clerk of the Court for Solano County Superior Court, as required by 28 U.S.C. Section 1447(d).

WHEREFORE Defendant WIB respectfully requests that this civil action be removed from the State of California, Solano County Superior Court to the United States District Court for the Eastern District of California.

Dated: August 13, 2013                LAW OFFICES OF RANDAL M. BARNUM

By: _____
Randal M. Barnum
Carrie E. Croxall
Attorneys for Defendant,
PRIVATE INDUSTRY COUNCIL OF
SOLANO COUNTY, INC., dba
WORKFORCE INVESTMENT BOARD
OF SOLANO COUNTY (erroneously sued
herein as WORKFORCE INVESTMENT
BOARD)

DEFENDANT'S NOTICE OF REMOVAL