MATTHEW J. GAUGER, Bar No. 139785
GARY P. PROVENCHER, Bar No. 250923
ANTHONY J. TUCCI, Bar No. 288819
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
Telephone (916) 443-6600
Fax (916) 442-0244
E-Mail: mgauger@unioncounsel.net
        gprovencher@unioncounsel.net
        atucci@unioncounsel.net

Attorneys for Plaintiff/Petitioner SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 1021

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1021, <br><br> Plaintiff/Petitioner, <br><br> v. <br><br> PRIVATE INDUSTRY COUNCIL OF SOLANO COUNTY, INC., dba WORKFORCE INVESTMENT BOARD OF SOLANO COUNTY, <br><br> Defendant/Respondent. | No. 2:13-cv-01670-WBS-EFB <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S PETITION TO COMPEL ARBITRATION AND IN OPPOSITION OF DEFENDANT'S MOTION TO STAY ACTION OR, IN THE ALTERNATIVE, MOTION TO DISMISS** <br><br> Date:    October 7, 2013 <br> Time:   2:00 p.m. <br> Dept.:   Courtroom 5 <br> Judge:  Hon. William B. Shubb |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................... 1

PROCEDURAL HISTORY .................................................................................. 1

STATEMENT OF FACTS .................................................................................... 2

ARGUMENT ....................................................................................................... 5

I.    THE COURT SHOULD COMPEL ARBITRATION BETWEEN THE
      UNION AND WIB BECAUSE THE UNION'S GRIEVANCES ARE
      ARBITRABLE ............................................................................................. 5

      A.    THE UNION'S GRIEVANCES ARE ARBITRABLE AND
            FALL WITHIN THE CBA'S BROAD ARBITRATION
            CLAUSEAND QUESTIONS OF CONTRACT
            INTERPRETATION ARE LEFT TO THE ARBITRATOR .............. 5

      B.    THE ARBITRATOR, NOT THE COURT DETERMINES
            WHETHER THE UNION FOLLOWED THE GRIEVANCE
            PROCEDURES OUTLINED IN THE CBA .................................... 6

      C.    THE COURT SHOULD FOLLOW THE STRONG FEDERAL
            POLICY FAVORING ARBITRATION AND ORDER THAT
            WIB SUBMIT THE OUTSTANDING GRIEVANCES TO
            ARBITRATION. .......................................................................... 9

      D.    THE UNION'S PETITION TO COMPEL ARBITRATION IS
            PROPERLY BEFORE THE COURT UNDER SECTION 301
            OF THE LABOR-MANAGEMENT RELATIONS ACT ................ 9

      E.    THE UNION'S PETITION TO COMPEL ARBITRATION IS
            PROCEDURALLY ADEQUATE AND ITS FIRST
            AMENDED COMPLAINT CURED ANY DEFECTS ................... 10

II.   THE COURT SHOULD DENY RESPONDENT'S MOTION TO
      STAY PROCEEDINGS BECAUSE SECTION 301 OF THE LABOR–
      MANAGEMENT RELATIONS ACT VESTS FEDERAL COURTS
      WITH JURISDICTION OVER SUITS FOR VIOLATIONS OF
      LABOR CONTRACTS .................................................................................. 11

      A.    THE NLRB DOES NOT HAVE PRIMARY JURISDICTION
            BECAUSE THE UNION'S EIGHT GRIEVANCES AND ITS
            PETITION TO COMPEL ARBITRATION RAISE
            PRIMARILY CONTRACTUAL QUESTIONS, MAKING A
            STAY IMPROPER ....................................................................... 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

**Page**

B.     THE COURT SHOULD NOT STAY THE PROCEEDINGS
        BECAUSE THE NLRB DOES NOT SHARE CONCURRENT
        JURISDICTION OVER THE CONTRACTUAL QUESTION
        OF ARBITRATION. ..................................................................................14

        1.    The Court and the NLRB Do Not Share Concurrent
              Jurisdiction Because the Contractual Question Before
              the Court Is Not Identical and Does Not Conflict with
              the Representational Question Before the NLRB. .....................14

        2.    Even If the Issues Before the Court and the NLRB Were
              Identical and Inextricably Bound, the *Central Valley
              Typographical Union* Factors Do Not Weigh in Favor of
              Staying the Proceedings. ...........................................................16

C.     THE COURT SHOULD NOT STAY THE PROCEEDINGS
        PENDING RESOLUTION OF THE UNFAIR PRACTICE
        CHARGE BEFORE PERB ...................................................................14

CONCLUSION ..............................................................................................17

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Anderson v. Allstate Ins. Co.,*
630 F.2d 677 (9th Cir. 1980) ........................................................................10

*AT & T Technologies, Inc. v. Commc'ns Workers of Am.,*
475 U.S. 643 (1986).......................................................................................12

*Cal. Dep't of Water Res. v. Powerex Corp.,*
533 F.3d 1087 (9th Cir. 2008) .....................................................................10

*Cappa v. Wiseman,*
659 F.2d 957 (9th Cir. 1981) ........................................................................12

*Central Valley Typographical Union, No. 46 v. McClatchy Newspapers,*
762 F.2d 741 (9th Cir. 1985) .............................................................14, 15, 18

*Cortez Byrd Chips, Inc. v. Bill Harbert Constr. co.,*
529 U.S. 193 (2000)......................................................................................15

*Int'l Ass'n of Machinists & Aerospace Workers, Dist. 160 v. Rabanco, LTD.,*
No. C05-0753C, 2005 WL 2429786 (9th Cir. Sept. 30, 2005).........................12, 13

*Int'l Bhd. of Elec. Workers, Local 532 v. Brink Const. Co.,*
825 F.2d 207 (9th Cir. 1987) ........................................................................15

*Int'l Union of Painter & Allied Trades, Dist. 15, Local 159 v. J & R Flooring, Inc.,*
616 F.3d 953 (9th Cir. 2010) ........................................................................12

*Investors Equity Life Ins. Co of Hawaii, Ltd. v. ADM Investors Servs., Inc.,*
1 F. App'x 709 (9th Cir. 2001) .......................................................................7

*John Wiley & Sons, Inc. v. Livingston,*
376 U.S. 543 (1964)..........................................................................7, 9, 13, 14

*Lee v. City of Beaumont,*
12 F.3d 933 (9th Cir. 1993) ..........................................................................10

*Marshal Hale,*
647 F.2d at 42 ...............................................................................................16

*N. Cal. Dist. Council of Hod Carriers v. Opinski,*
673 F.2d 1074 (9th Cir. 1982) .....................................................................14

*No. 2:13-cv-01670-WBS-EFB* ...........................................................................1

*Orange Belt Dist. Council of Painters No. 48 v. Maloney Specialties, Inc.,*
639 F.2d 487 ................................................................................................15

*Republic Steel Corp. v. Maddox,*
379 U.S. 650 (1965).......................................................................................8

*Serv. Employees Int'l Union v. St. Vincent Med. Ctr.,*
344 F.3d 977 (9th Cir. 2003) .............................................................11, 12, 13

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

## TABLE OF AUTHORITIES (cont'd)

**Page**

*Team Enterprises, LLC v. W. Inv. Real Estate Trust,*
    CV F 08-1050LJOSMS, 2008 WL 4367560 (E.D. Cal. Sept. 23, 2008)................................10

*United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus.,*
    *Steamfitters & Refrigeration Union, Local 342, AFL-CIO v. Valley Engineers,*
    975 F.2d 611 (9th Cir. 1992) ...........................................................................................12, 13

*United Steelworkers of Am. v. Am. Mfg. Co.,*
    363 U.S. 564 n.1 (1960).........................................................................................................6

*United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,*
    363 U.S. 574 (1960)...................................................................................................5, 6, 9

*Wheel & Car Corp.,*
    363 U.S. 593 (1960)...............................................................................................................6

*Wyatt v. Terhune,*
    315 F.3d 1108, 1119–20 (9th Cir. 2003) ...............................................................................8

**Federal Statutes**

28 U.S.C. §144.....................................................................................................................2

29 U.S.C. § 185(a) ............................................................................................................1, 11

29 U.S.C. 152.....................................................................................................................14

9 U.S.C. § 4 (2012) .............................................................................................................2

9 U.S.C. § 4 and Section 301 ..............................................................................................9

Section 301......................................................................................................11, 12, 13

**State Statutes**

Cal. Gov't Code § 3500 et seq............................................................................................2

Section 1281 et seq. of the California Code of Civil Procedure........................................2

Section 1290.4 of the California Code of Civil Procedure .........................................10, 11

**Federal Rules**

Fed. R. Civ. P. 15(a)(1).......................................................................................................2

Fed. R. Civ. P. 81(c)(1).....................................................................................................10

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

**INTRODUCTION**

Petitioner SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1021 ("Petitioner" or the "Union") requests that the Court order Respondent PRIVATE INDUSTRY COUNCIL OF SOLANO COUNTY, INC., dba WORKFORCE INVESTMENT BOARD OF SOLANO COUNTY ("Respondent" or "WIB") to cooperate with its contractual obligations and work with the Union to appoint a mutually acceptable impartial arbitrator to resolve a number of disputes between the Union and WIB. Labor agreements are unique contracts. Well-established precedent requires the courts to order the parties to submit a dispute to arbitration as long as the dispute falls generally within the scope of the parties' agreement to arbitrate, and the Union has not waived the right to arbitrate. Because WIB continues to refuse to fulfill its contractual obligations in appointing an arbitrator, the Union respectfully requests that the Court compel arbitration pursuant to section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185(a).

**PROCEDURAL HISTORY**

The Union initiated the Formal Resolution Process for eight grievances under the collective-bargaining agreement on April 25, 2013.

The Union filed an unfair-labor-practice charge against WIB with the National Labor Relations Board on April 26, 2012. In the charge, the Union alleged that WIB committed unfair labor practices under the National Labor Relations Act (NLRA), 29 U.S.C. § U.S.C. 151 *et seq.*, by "discriminatorily and in retaliation for protected concerted activity refus[ing] to process a series of grievances because the Union and the grievants wanted the Union Representative to be present at the first informal step of the grievance procedure." Def.'s Req. for Judicial Notice Ex. B. The NLRB dismissed the Union's charge on May 30, 2013 because it found that it did not have jurisdiction over WIB. Def.'s Req. for Judicial Notice Ex. C. The Union appealed the NLRB's decision on June 12, 2013, Def.'s Req. for Judicial Not. Ex. D, which is currently pending review in the Office of the General Counsel of the NLRB, Def.'s Req. for Judicial Not. Ex. E. WIB joined the appeal. Def.'s Req. for Judicial Not. Ex. F.

On May 13, 2013, the Union also filed an unfair-practice charge with the Public Employment Relations Board, alleging that WIB violated the Meyers–Milias–Brown Act

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

1  (MMBA), Cal. Gov't Code § 3500 *et seq.*, "by discriminatorily and in retaliation for protected

2  concerted activity refus[ing] to process a series of grievances because the Union and the grievants

3  wanted the Union representative to be present at the first informal step of the grievance

4  procedure." Def.'s Req. for Judicial Not. Ex. G.

5       In the meantime, WIB continued to refuse to advance the Union's grievances to

6  arbitration. The Union, therefore, filed a Verified Petition to Compel Arbitration under section

7  1281 *et seq.* of the California Code of Civil Procedure on August 6, 2013. Def.'s Notice of

8  Removal Ex. A. WIB then removed this action to federal court on August 13, 2013 under 28

9  U.S.C. §144. On August 21, 2013, WIB filed its Notice of Motion and Motion to Stay Action or,

10  in the Alternative, Motion Dismiss.

11       On September 6, 2013, the Union filed its First Amended Petition to Compel Arbitration

12  under 9 U.S.C. § 4 (2012) and Fed. R. Civ. P. 15(a)(1).

13  **STATEMENT OF FACTS**

14       The Union and Respondent are parties to a collective-bargaining agreement ("CBA" or

15  "Agreement"). Pet'r's First Am. Pet. to Compel Arbitration ("Pet.") Ex. A. Section XIX

16  subsection A defines grievance "as a claim or complaint by a[n] . . . employee, . . . the Union, or

17  the Employer, concerning the interpretation or application of [the CBA] regarding any action of

18  the employer pertaining to wages, hours[,] or working conditions." *Id.* Section XIX subsection C

19  of the CBA describes the Informal Resolution Process, which states in relevant part:

20          Grievances shall initially be taken up verbally by the employee and
           the immediate supervisor in an attempt to settle the matter on an

21          informal basis. The Employer's Business and Employment
           Services Manager, or his/her designees, shall be advised of such

22          meetings at least three (3) days prior and shall attend them. . . . If
           this process does not resolve the matter the employee may proceed

23          to the formal process . . . .

24  *Id.* The CBA contains no language specifically prohibiting a Union Field Representative from

25  being present during the Informal Resolution Process meeting (the first step of the grievance

26  procedure).

27       The Formal Resolution Process under the CBA includes three steps. Step 1 requires that

28  the grievance be submitted to WIB's Executive Director in writing, he will then schedule a

2

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

1    meeting to hear the grievance and "provide the grievant and Union a written response within (10)

2    working days after the meeting." *Id.* If the grievance is not resolved in Step 1, the CBA provides

3    in pertinent part: "[T]he Union or Employer may submit a written request for an Adjustment

4    Board . . . . The Adjustment Board shall consist of one (1) representative (not a WIB employee)

5    selected by the Union, one (1) representative selected by Management, and a mediator from the

6    State Mediation Services." *Id.*

7        Step 3 of the grievance process states in relevant part:

8            If the grievance is not resolved at the 2nd step, it may be submitted
             as a written Request for Arbitration to the Executive Director, or
9            Union within fifteen (15) working days after the 2nd step is
             completed. . . . Upon receipt of a written request for arbitration of a
10           grievance under this procedure, the Employer or Union shall
             attempt to select a mutually acceptable, impartial arbitrator.
11
     *Id.*
12
         The Union attempted to resolve eight grievances through the Informal Resolution Process.
13
     Pet. Ex. B. In each of the eight grievances, the Union alleged that WIB violated various sections
14
     of the CBA. *Id.* Grievance Number 1 involved WIB not providing the Union or member–
15
     employees with proper notice of a newly created position as required by the CBA. *Id.* Grievance
16
     Number 2 involved WIB failing to negotiate a change in the past practice in reporting times by
17
     employees. *Id.* Grievance Number 3 involved WIB failing to pay a member–employee her
18
     medical-insurance premium. Grievance Number 4 involved WIB not providing the Union or
19
     member–employees with proper notice of a newly created position as required by the CBA.
20
     Grievance Number 5 involved WIB refusing to allow the Union to access a member–employee's
21
     personnel file. *Id.* Grievance Number 6 involved WIB refusing to allow the Union to access a
22
     member–employee's personnel file. Grievance Number 7 involved WIB's refusal to process
23
     grievances on an informal basis when a Union representative was present. *Id.* Grievance Number
24
     8 involved an adverse–employment action against a member–employee. *Id.*
25
         WIB has refused to process these eight grievances, arguing that the CBA does not
26
     permit a Union representative to be present at the informal stage. Pet. Ex. E; Def.'s Notice of
27
     Mot. & Mot. to Stay Action or, in the Alternative, Mot. Dismiss Mem. P. & A. (Def.'s Mem. P. &
28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

3

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

A.") 12.  On August 25, 2013 the Union attempted to move the eight grievances to the Formal Resolution Process.  Pet. Ex. B.

In the meantime, the Union filed a an unfair-labor-practice charge on April 26, 2013 with the National Labor Relations Board ("NLRB"), charging that WIB violated the National Labor Relations Act ("NLRA") by retaliating against member–employees who sought to exercise their section 7 rights when seeking a Union representative at the informal step of the grievance procedure.  Def.'s Req. Judicial Notice Ex. B.

On May 3, 2013, President of WIB, Robert Bloom, responded to the Union's initiation of the Formal Resolution Process, stating that "no part of this Informal Process has been initiated" and refusing to participate in Step 1 of the grievance procedure.  Pet. Ex. C.  In receipt of WIB's response, the Union initiated Step 2 of the grievance procedure on May 7, 2013.  Pet. Ex. D.

On May 13, 2013, the Union filed an unfair practice charge with the Public Employment Relations Board ("PERB").  Def.'s Request Judicial Not. Ex. G.  The Union alleged that WIB unlawfully retaliated against member–employees, as it did in its charge with the NLRB. *Id.*

WIB responded to the Union's letter of May 7 on May 15, 2013, reiterating that it believed that the Informal Resolution Process had not been satisfied and refusing to participate in Step 2 of the grievance process. Pet. Ex. E.  On May 23, 2013, the Union initiated Step 3 of the Formal Resolution Process, requesting "Arbitration for all grievances." Pet. Ex. F.

On May 30, 2013, the NLRB dismissed the Union's charge that WIB violated the NLRA on the ground that it did not have jurisdiction[1] over WIB.  Def.'s Request Judicial Not., Ex.  C.  The Union appealed the dismissal.  Def.'s Req. Judicial Notice Ex. E.

WIB continues to refuse to participate in the grievance process outlined in the CBA and has not made any attempt to select a mutually acceptable arbitrator.  The Union filed this action to compel WIB to fulfill its contractual obligations.  The Union, therefore, respectfully requests that the Court grant the Union's Petition to Compel Arbitration, and deny WIB's Motions to Stay Proceedings and to Dismiss.

---

[1]  Both the Union and WIB believe that the NLRB—not PERB—has jurisdiction over the unfair practice charge.  Def.'s Req. Judicial Notice Exs. D & F.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

4

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

## ARGUMENT

The Court should follow the clear federal policy favoring arbitration and grant the Union's Petition to Compel Arbitration. A stay of the Union's Petition is improper because section 301 of the Labor–Management Relations Acts vests federal courts with jurisdiction over suits for violations of labor contracts. Section one of the argument presents the authorities that support the Union's request for an order to arbitrate. The second section of the brief responds to WIB's Motion for a Stay, or in the Alternative, Motion to Dismiss.

## I.   THE COURT SHOULD COMPEL ARBITRATION BETWEEN THE UNION AND WIB BECAUSE THE UNION'S GRIEVANCES ARE ARBITRABLE

The Court should grant the Union's motion to compel arbitration because (1) the grievances fall within the broad arbitration clause of the CBA, (2) the arbitrator—not the court—determines whether the parties followed the correct grievance procedures under the contract, and (3) federal policy strongly favors arbitration and doubts must be resolved in its favor. Moreover, the Court should not dismiss the Union's Petition because (4) the Union's First Amended Claim brings this action under federal law, and (5) the Union has satisfied the procedural requirements of the Federal Arbitration Act and the Local Rules of the Eastern District.

## A.   THE UNION'S GRIEVANCES ARE ARBITRABLE BECAUSE THEY FALL WITHIN THE CBA'S BROAD ARBITRATION CLAUSE AND QUESTIONS OF CONTRACT INTERPRETATION ARE LEFT TO THE ARBITRATOR

In the present case, the Court should grant the Union's motion to compel arbitration because the CBA contains a broad arbitration clause that encompasses the grievances at issue. "[T]he judicial inquiry under § 301 must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance. . . ." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). The U.S. Supreme Court in the *Steelworkers Trilogy* considered the arbitrability of grievances under broad arbitration clauses in collective-bargaining agreements. The agreements contained the following broad language.

> "Any disputes, misunderstandings, differences or grievances arising between the parties as to the meaning, interpretation and application of the provisions of this agreement, which are not adjusted as herein provided, may be submitted to the Board of Arbitration for decision."

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

1    *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 565 n.1 (1960)

2    > It is understood and agreed that neither party will institute civil suits
3    > or legal proceedings against the other for alleged violation of any of
     > the provisions of this labor contract; instead all disputes will be
     > settled in the manner outlined in this Article III-Adjustment of
4    > Grievances.

5    *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 595 (1960)

6    Under the broad arbitration clauses presented in the *Steelworkers Trilogy*, the U.S. Supreme

7    Court held, "An order to arbitrate the particular grievance should not be denied [by the courts]

8    unless it may be said with positive assurance that the arbitration clause is not susceptible of an

9    interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage."

10   *Warrior & Gulf Navigation Co.*, 363 U.S. at 582.

11           The Collective Bargaining Agreement in the instant case contains the same type of broad

12   arbitration clause that was presented before the U.S. Supreme Court.  The Agreement between the

13   Union and WIB defines a grievance "as a claim or complaint by a regular or probationary

14   employee, . . . the Union, or the Employer, concerning the interpretation or application of this

15   Agreement regarding any action of the employer pertaining to wages, hours or working

16   conditions."  It then details a grievance procedure that concludes with arbitration, stating, "The

17   decision of the arbitrator shall be final and binding upon the parties."  The Court need only decide

18   whether WIB "did agree to arbitrate the grievance."  Given that the Union made claims and

19   complaints "pertaining to wages, hours [and] working conditions," WIB agreed to arbitrate the

20   grievances.  As such, the Court should grant the Union's motion to compel arbitration because

21   arbitration clause specifically encompasses the grievances the Union filed.

22   **B.      THE ARBITRATOR, NOT THE COURT DETERMINES WHETHER THE
23           UNION FOLLOWED THE GRIEVANCE PROCEDURES OUTLINED IN THE
             CBA**

24           The Court should grant the Union's motion to compel arbitration because the Union

25   complied with the proper grievance procedures.  Even if there is a question as to whether the

26   Union exhausted the grievance procedure, the Court should compel arbitration because that is a

27   question for the arbitrator—not the Court—to decide.  Once the Court determines "that the parties

28   are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

1   grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John*

2   *Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964); *see also Investors Equity Life Ins. Co*

3   *of Hawaii, Ltd. v. ADM Investors Servs., Inc.*, 1 F. App'x 709, 711 (9th Cir. 2001);  In *Wiley*, the

4   collective-bargaining agreement outlined a three-step grievance procedure with the duty to

5   arbitrate arising out of Step 3.  376 U.S. at 556.  The Union proceeded to Step 3 without fulfilling

6   Steps 1 and 2 because the employer refused "to recognize the Union's representative status . . .

7   [that] made it 'utterly futile—and a little bit ridiculous to follow the grievance steps set forth in

8   the contract.'"  *Id.* at 557.  The employer argued that because the grievance procedures had not

9   been met, it had no duty to arbitrate and that it was the court, not the arbitrator, to decide whether

10   the Union had met the procedural requirements.  *Id.* at 556.  The Court rejected these arguments,

11   ultimately holding that the arbitrator must decide the procedural question because it is "the policy

12   behind federal labor law to regard procedural disagreements not as separate disputes but as

13   aspects of the dispute which called the grievance procedures into play."  *Id.* at 559.

14        The parties are obligated to submit the subject matter of the Union's grievances to

15   arbitration.  The Court should therefore defer the procedural questions to the arbitrator.  As in

16   *Wiley*, the procedural question arises out of the subject matter of the grievances.  The Union

17   attempted to process its grievances through the Informal Resolution Process under subsection C

18   of Section XIX of the Agreement; however, WIB refused to participate in the Informal Resolution

19   Process because of the presence of a Union Field Representative.  The Union then attempted to

20   initiate Steps 1 and 2 of the Formal Resolution Process.  WIB refused to comply, arguing that the

21   Informal Resolution Process, as the initial step, had not been satisfied.  According to *Wiley*, the

22   Court must defer to the Arbitrator the question as to whether the Union satisfied its procedural

23   requirements.

24        The Court should not grant WIB's motion to dismiss because WIB has misread its

25   authorities, and they do not support the contention that a "motion to dismiss is proper when the

26   grievance procedure established in a collective bargaining agreement is not utilized."  Def's Mot.

27   11.  WIB relies on two cases that are completely irrelevant to the present case.  Before the Ninth

28   Circuit in *Wyatt v. Terhune* was a failure to exhaust non-judicial administrative remedies before

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

1  bringing a claim in federal court. *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003).

2  The case before the Court deals with contractual grievance procedures, not non-judicial

3  administrative remedies. Moreover, the Union seeks judicial intervention so it can utilize non-

4  judicial means to process its grievances. As such, *Wyatt* has no bearing on the disposition of this

5  case.

6  WIB's reliance on *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965), (Def's Mot. 11)

7  is equally unfounded, and the Court should not consider the case in determining whether to

8  compel arbitration. In *Maddox*, the parties were subject to a three-step grievance process leading

9  to binding arbitration. *Id.* at 651. An employee attempted to "completely sidestep available

10 grievance procedures" by filing an arbitrable claim in state court. *Id.* at 650–52. The U.S.

11 Supreme Court ruled that an employee must attempt to use the contractual grievance procedures

12 before taking action outside of the contract. *Id.* at 657.

13 This case is unlike *Maddox* because the Union not an individual worker seeks arbitration

14 and the Union has attempted to work within the framework outlined in the CBA's grievance

15 procedures. The Union has attempted to exhaust each step of the grievance procedure. By

16 moving to compel arbitration, the Union has continued to work within the contract. As far as

17 whether the parties followed the proper process, as discussed above, *Wiley* requires that an

18 arbitrator make that determination. *Maddox* simply does not speak to this question, and the Court

19 should compel arbitration.

20 Moreover, WIB's argument that the parties must satisfy the Informal Resolution Process

21 without Union representation would lead to an absurd result that would bar any Union initiated

22 grievances. As noted above, the CBA's definition of "grievance" includes "a claim or complaint

23 by . . . the Union." WIB's reading of Section XIX requires that the parties must first satisfy the

24 Informal Resolution Process before the initiation of the Formal Resolution process where its duty

25 to arbitrate arises. Under its reading, the CBA does not permit a Union representative to

26 participate in the informal process. Def's. Mot. 4. Such an interpretation would effectively

27 prohibit the Union from processing any claim or complaint it has "concerning the interpretation

28 or application of this Agreement" to arbitration. This is an absurd reading of the Agreement.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

8

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

1    Even if there is a conflict between the definition of grievance and the grievance process,

2    according to *Wiley* this is a question for the arbitrator and not the courts.  The Court should thus

3    defer this procedural question to the arbitrator.

4    **C.     THE COURT SHOULD FOLLOW THE STRONG FEDERAL POLICY
       FAVORING ARBITRATION AND ORDER THAT WIB SUBMIT THE**

5    **OUTSTANDING GRIEVANCES TO ARBITRATION**

6         An order compelling arbitration by this Court would follow the well-established federal

7    policy favoring arbitration.  "The preference of national labor policy for arbitration as a

8    substituted for test of strength between contending forces could be overcome only if other

9    consideration compellingly so demanded." *John Wiley & Sons*, 376 U.S. at 549–50.  As the U.S.

10   Supreme Court has repeatedly noted, a collective-bargaining agreement is "not an ordinary

11   contract"; rather, "[i]t calls into being a new common law—the common law of a particular

12   industry or a particular plant." *Id.* at 550 (quoting *Warrior & Gulf*, 363 U.S 578–79, 580)

13   (internal quotation marks omitted).  It is under this rationale that courts will compel arbitration

14   when the arbitration clause generally encompasses the grievances. *Id.* at 547–50.

15        The Court should compel arbitration in the present case in order to allow an arbitrator to

16   develop the "common law" under the governing Agreement between WIB and the Union.  There

17   are eight outstanding grievances that affect the working conditions of member–employees under

18   the Agreement.  By delaying the arbitration of these grievances, WIB has prevented the

19   establishment of a governing "common law" on these important issues of the Agreement.  This

20   delay does not contribute to labor peace and stability.  The Court should follow the federal policy

21   favoring arbitration and order that WIB participate in the arbitration process.

22   **D.     THE UNION'S PETITION TO COMPEL ARBITRATION IS PROPERLY
       BEFORE THE COURT UNDER SECTION 301 OF THE LABOR–**

23   **MANAGEMENT RELATIONS ACT**

24        The Court should deny Respondent's Motion to Dismiss on preemption grounds because

25   the Union cured any defect by filing its First Amended Complaint.  After WIB removed the case

26   to federal court, the Union amended its complaint to bring its Petition to Compel Arbitration

27   under the Federal Arbitration Act, 9 U.S.C. § 4 and Section 301.  Because the claim is under

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

9

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

1    federal law, there is no issue of preemption.  As such, the Court should deny WIB's Motion to

2    Dismiss.

3    **E.      THE UNION'S PETITION TO COMPEL ARBITRATION IS PROCEDURALLY
            ADEQUATE AND ITS FIRST AMENDED COMPLAINT CURED ANY DEFECTS**

4

5            The Court should grant the Union's Petition to Compel Arbitration because the Petition is

6    procedurally adequate.  Respondent argues that the Union's Petition violated the Court's Local

7    Rule by not stating "the date time, and place the motion or petition will be heard."  Def.'s Mot. 12

     (citing L.R. 133(g)).  Local Rule 133(g) states, that the caption and title shall include "the date,
8
     time, and name of the Judge or Magistrate Judge for any scheduled hearing."  WIB is wrong for
9
     two reasons.
10
             First, the Union filed this case in State court for the County of Solano in compliance with
11
     California State Court Rules.  The Federal Rules of Civil Procedure "apply to a civil action *after*
12
     it is removed from a state court."  Fed. R. Civ. P. 81(c)(1) (emphasis added).  The Ninth Circuit
13
     has ruled that "[t]he issue of the sufficiency of service of process prior to removal is strictly a
14
     state law issue."  *Lee v. City of Beaumont*, 12 F.3d 933, 936 (9th Cir. 1993) *overruled by*
15
     *California Dep't of Water Res. v. Powerex Cor*p., 533 F.3d 1087 (9th Cir. 2008)–37 (9th Cir.
16
     1993) (citing *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980)), *overruled on other*
17
     *grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008); *see also*
18
     *Team Enterprises, LLC v. W. Inv. Real Estate Trust*, CV F 08-1050LJOSMS, 2008 WL 4367560,
19
     *2 (E.D. Cal. Sept. 23, 2008)("The sufficiency of service of process before removal from state
20
     court is determined under state law.").
21
             WIB incorrectly reads Section 1290.4 of the California Code of Civil Procedure.  The
22
     California rule on service for arbitration is codified at Section 1290.4 of the California Code of
23
     Civil Procedure.  It states in pertinent part:
24
                        (a) A copy of the petition and a written notice of the time
25           and place of the hearing thereof and any other papers upon which
             the petition is based shall be served in the manner provided in the
26           arbitration agreement for the service of such petition and notice.
                        (b) If the arbitration agreement does not provide the manner
27           in which such service shall be made and the person upon whom
             service is to be made has not previously appeared in the proceeding
28           and has not previously been served in accordance with this

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

10

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

subdivision:
>  (1) Service within this State shall be made in the manner provided by law for the service of summons in an action.

Cal. Code Civ. Proc. § 1290.4.

The CBA between the Union and WIB is silent as to the manner of service.  Therefore, according to Section 1290.4, service is "made in the manner provided by law for the service of summons in action.

The practice in Solano Superior Court is to file a Petition to Confirm without a hearing date because the clerks cannot set a hearing date without a case number.  A case number and a judge for all purposes is assigned, Union counsel's office then contacts the clerk for the assigned judge, inquires of available dates for the hearing and reserves the date.  Counsel then files a notice of motion, points and authorities and any other moving papers.  California Rules of Court permit this practice.  So long as a removed pleading complies with State practice, the pleadings comply with the Federal Rules of Civil Procedure.

Second, WIB's argument is irrelevant because the Union has filed its First Changed Compliant with the information in the caption required by this Court.  The First Amended Complaint cured any procedural defects.  The Court should therefore deny WIB's Motion to Dismiss.

## II.   THE COURT SHOULD DENY RESPONDENT'S MOTION TO STAY PROCEEDINGS BECAUSE SECTION 301 OF THE LABOR–MANAGEMENT RELATIONS ACT VESTS FEDERAL COURTS WITH JURISDICTION OVER SUITS FOR VIOLATIONS OF LABOR CONTRACTS

The Court should deny Respondent's Motion to Stay Proceedings pending the resolution of a distinct unfair-labor-practice charge pending with the NLRB because federal courts have jurisdiction over cases for violations of labor contracts.  Section 301 of the Labor–Management Relations Act states, "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . , or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties . . . ."  29 U.S.C. 185(a) (2012).  When a Section 301 case falls within the NLRB's primary jurisdiction, the federal court must defer to the NLRB.  *Serv. Employees Int'l Union v. St.*

11

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

1   *Vincent Med. Ctr.*, 344 F.3d 977, 983 (9th Cir. 2003).  However, when the federal court has

2   concurrent jurisdiction with the NLRB, "the court can stay the suit, enjoin the parties from

3   proceeding in the other forum or allow both actions to proceed."  *United Ass'n of Journeymen &*

4   *Apprentices of Plumbing & Pipefitting Indus., Steamfitters & Refrigeration Union, Local 342,*

5   *AFL-CIO v. Valley Engineers*, 975 F.2d 611, 613 (9th Cir. 1992).  In the present case, a stay of

6   the proceeding to compel arbitration is improper because (1) the Union's eight grievances for

7   which it is seeking to compel arbitration raises primarily contractual questions, (2) the NLRB

8   does not have concurrent jurisdiction, and (3) PERB does not have jurisdiction over the question

9   before the Court.

10  **A.    THE NLRB DOES NOT HAVE PRIMARY JURISDICTION BECAUSE THE
          UNION'S EIGHT GRIEVANCES AND ITS PETITION TO COMPEL**

11        **ARBITRATION RAISE PRIMARILY CONTRACTUAL QUESTIONS, MAKING
          A STAY IMPROPER**

12        The Court should deny Respondent's Motion to Stay Proceedings because the dispute is

13  primarily a contractual issue, not representational.  "When a court becomes aware that litigation

14  pending in another forum implicates a material aspect of the litigation before it . . . [the court

15  must] determine which is the more appropriate forum for resolving that aspect of the dispute."

16  *Valley Eng'rs*, 975 F.2d at 612.  In such cases involving Section 301, the relevant "jurisdictional

17  inquiry is whether . . . [the] dispute 'can be characterized as primarily representational or

18  primarily contractual."  *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 160 v. Rabanco,*

19  *LTD.*, No. C05-0753C, 2005 WL 2429786, at *2 (9th Cir. Sept. 30, 2005) (quoting *St. Vincent*

20  *Med. Ctr.*, 344 F.3d at 983).  If the "interpretation of the contract depends *entirely* on the

21  resolution of whom the union represents, the matter is properly left to the [NLRB]."  *Valley*

22  *Eng'rs*, 975 F.2d at 614 (emphasis added) (quoting *Cappa v. Wiseman*, 659 F.2d 957, 960 (9th

23  Cir. 1981) (Fletcher, J., dissenting)) (internal quotation marks omitted); *see also Int'l Union of*

24  *Painter & Allied Trades, Dist. 15, Local 159 v. J & R Flooring, Inc.*, 616 F.3d 953, 961 (9th Cir.

25  2010).  A case is not "representational" merely because it has "representational overtones."  *St.*

26  *Vincent Med. Ctr.*, 344 F.3d at 984.  In cases involving the interpretation of an arbitration clause,

27  the courts will deem the case as primarily contractual if the "clause in the Agreement is

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

12

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

1  'susceptible of an interpretation that covers the asserted dispute.'" *St. Vincent Med. Ctr.*, 344

2  F.3d 983 (quoting *AT & T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650

3  (1986)).  Thus, when a case is primarily contractual, it is properly before the federal court and

4  does not fall within the NLRB's primary jurisdiction.  *Rabanco, LTD.*, 2005 WL 2429786, at *3;

5  *St. Vincent Med. Ctr.*, 344 F.3d at 984; *Valley Eng'rs*, 975 F.2d at 614.

6       According to the jurisprudence of the Ninth Circuit, Section 301 properly vests

7  jurisdiction with the Court, rendering a stay of the proceedings improper.  The underlying dispute

8  involves eight grievances filed by the Union seeking appropriate remedies under the CBA.  The

9  interpretation of the contract does not depend on the representational issue before the NLRB.

10  Rather, the issue is similar to that presented in *St. Vincent Medical Center*: does the interpretation

11  of the contract depend on "whether the arbitration clause is susceptible of an interpretation that

12  covers the asserted dispute."  *See* 344 F.3d at 983.  Therefore, jurisdiction is vested in the Court

13  and a stay is improper.

14       WIB erroneously fashions the issue before the Court in the Union's Petition to Compel

15  Arbitration as "whether employees are entitled to have Union representation during the informal

16  grievance process as set forth in the CBA."  Def.'s Mot. 7.  That is not the question that will be

17  presented to the Arbitrator.  The question for the Arbitrator will speak to the procedural issues of

18  the grievance process outlined in the CBA; specifically, whether the Informal Resolution Process

19  is a necessary step to advance a grievance to arbitration.  Stated in another way, does the CBA

20  require a Union initiated grievance to start at the informal step or the formal written step?  There

21  is no representational question present in the contract interpretation question that will be before

22  the arbitrator.  An order compelling arbitration will not "effectively determine whether an

23  employee is entitled to union representation" at the informal-resolution meeting; rather, it will

24  determine whether the arbitration clause is "susceptible of an interpretation that covers the

25  asserted dispute[s]."  As noted above, questions of the exhaustion of grievance procedure are left

26  to the arbitrator, and Supreme Court precedent holds that the arbitrator decides whether the Union

27  must satisfy every step of the grievance procedure to advance a claim to arbitration.  *See Wiley*,

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

13

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

1  376 U.S. at 556–59.  Because there is no representational issue in the Union's Petition to Compel

2  Arbitration, a stay is improper.

3       The representational issue that is before the NLRB is completely separate from the issue

4  before the Court, and the interpretation of the arbitration clause does not depend entirely on the

5  final disposition of the unfair-labor-practice charges pending before the NLRB.  The issue before

6  the NLRB is whether WIB is a public or private employer under 29 U.S.C. 152 and if so, violate

7  its employees Section 7 rights under the NLRA by prohibiting Union representatives to attend the

8  informal meetings.  The resolution of this statutory question has no bearing on the interpretation

9  of the contract.

10       WIB incorrectly asserts that if Section 7 does not include the right for Union

11  representatives to attend informal meetings, then it was within its contractual rights to refuse to

12  process the grievances and participate in arbitration.  Even if the NLRB were to decide that

13  section 7 does not encompass an employee's right to have a Union representative at the informal

14  meeting, the arbitrator must still decide whether the Union acted within the contract to satisfy the

15  grievance procedure to lead to arbitration.  This question is separate from the representational

16  issue before the NLRB because, as in *Wiley*, it is for the arbitrator to decide whether arbitration

17  was procedurally proper even when the Union does not follow futile steps of the grievance

18  process.  Because the interpretation of this procedural aspect of the CBA does not depend on the

19  representational issue before the NLRB, staying the proceedings is improper.

20  **B.**  **THE COURT SHOULD NOT STAY THE PROCEEDINGS BECAUSE THE NLRB**
   **DOES NOT SHARE CONCURRENT JURISDICTION OVER THE**
21  **CONTRACTUAL QUESTION OF ARBITRATION**

22      **1.**  **The Court and the NLRB Do Not Share Concurrent Jurisdiction Because the**
   **Contractual Question Before the Court Is Not Identical and Does Not Conflict**
23  **with the Representational Question Before the NLRB**

24       A stay of the proceedings on the Union's Petition to Compel Arbitration is

25  improper because the Court and the NLRB are not deciding identical, conflicting issues.  When a

26  contract interpretation question is "closely related to an unfair labor practice . . . charge already

27  presented to the NLRB," the district court has discretion to stay the proceedings until the final

28  resolution of the NLRB proceedings.  *Central Valley Typographical Union, No. 46 v. McClatchy*

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

*Newspapers*, 762 F.2d 741, 746 (9th Cir. 1985) (alteration in original) (quoting *N. Cal. Dist. Council of Hod Carriers v. Opinski*, 673 F.2d 1074, 1075 (9th Cir. 1982)) (internal quotation marks omitted), *abrogated on other grounds by Cortez Byrd Chips, Inc. v. Bill Harbert Constr. co.*, 529 U.S. 193 (2000).  When the issue before the court is identical and in conflict with the issue before the NLRB, "a stay often will be required." *Id.* at 746–47.  However, the court may still deny a stay "even if a potential conflict is presented." *Id.* at 747 (citing *Orange Belt Dist. Council of Painters No. 48 v. Maloney Specialties, Inc.*, 639 F.2d 487, 489–90 (9th Cir. 1980)); *see also Int'l Bhd. of Elec. Workers, Local 532 v. Brink Const. Co.*, 825 F.2d 207, 213 (9th Cir. 1987).  In *Central Valley Typographical Union*, the NLRB and the arbitrator faced the identical issue of whether the employer waived its statutory right to hire permanent strike replacements. *Id.*  The Ninth Circuit ultimately remanded the action to confirm an arbitration award to the lower court to determine whether a stay was proper because the issues presented were identical, and the NLRB needed to resolve the contract-interpretation question to determine the existence of an unfair labor practice. *Id.*

Unlike *Central Valley Typographical Union*, the Court and the NLRB are not presented with identical, conflicting issues, making a stay of the proceedings improper.  The substantive question[2] presented in the Union's pending unfair practice charge is whether WIB violated the NLRA by interfering with Section 7 rights and retaliating against its employee by refusing to process grievances when the employee sought a Union representative at the informal meeting.  The NLRB is not interpreting the CBA; rather, it is simply interpreting the NLRA to determine whether WIB unlawfully interfered with or retaliated against its employees who sought to exercise their Section 7 rights.

The issue before the Court is whether the arbitration clause encompasses the eight grievances, and the procedural question before the Arbitrator that grows out of the substantive grievances is simply whether the Union satisfied the grievance procedure.  Only one grievance, Formal Grievance Number 7, presents the issue of whether the CBA permits Union

---

[2] The issue on appeal is whether the NLRB has jurisdiction over WIB.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

1   representatives "to present grievances to management by the 'Informal Resolution Process.'"

2   This grievance is based on the CBA not the NLRA.  The question before the Court and ultimately

3   the questions before the arbitrator are separate and distinct from the representational question

4   before the NLRB.  No matter how the NLRB decides on the retaliation issue, the arbitrator must

5   still make determinations about the meaning of the contract.  Given the separateness of issues, the

6   NLRB does not have concurrent jurisdiction with the Court on the contract-interpretation

7   question, making a stay of the proceedings is improper.

8       **2.      Even If the Issues Before the Court and the NLRB Were Identical and
            Inextricably Bound, the *Central Valley Typographical Union* Factors Do Not
9            Weigh in Favor of Staying the Proceedings**

10          Even if the issues presented to the Court and the NLRB were identical and conflicting, a

11  stay is inappropriate because the factors outlined in *Central Valley Typographical Union* are not

12  present.  In *Central Valley Typographical Union*, the Ninth Circuit ordered the lower court to

13  consider a number of factors in determining whether a stay of the proceedings was appropriate

14  when the court shared jurisdiction with the NLRB over an identical contractual issue.  These

15  factors included:

16              Was the interpretation of the . . . agreement inextricably linked to a
                representational matter within the Board's primary jurisdiction as
17              interpreted by the ALJ? Might an eventual Board decision on this
                material, factual issue be issue preclusive in the district court? Have
18              both the arbitrator and the ALJ ruled on this issue in a way
                presenting the district court with something more than a potential
19              conflict? *See, e.g., Marshal Hale*, 647 F.2d at 42 (existence of a
                conflict between the Board and arbitrator is speculative when the
20              arbitrator has not yet ruled). Have both the arbitrator and the ALJ
                rendered inconsistent decisions on a material issue? Cf. *Orange
21              Belt*, 639F.2d at 489 n. 2 (exercise of discretion to deny a stay
                upheld when ALJ and arbitrator in conflict only on an immaterial
22              issue). Will granting a stay preserve the status quo?

23  *Id.* at 749–50.

24          Because the *Central Valley* factors are not present, the Court should not stay the Union's

25  Petition to Compel Arbitration.  As noted above, the interpretation of the contract is not

26  inextricably linked to the question of retaliation under the NLRA.  Any decision by the NLRB

27  will not be issue preclusive because the arbitrator must still make a separate determination as to

28  whether the Union satisfied the grievance procedure.  The NLRB has not ruled on the substantive

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

question of the unfair-practice charge; nor has an arbitrator ruled on the grievances.  Therefore, there is no inconsistent decision on a material issue.  And lastly, a stay of the proceedings would not preserve the status quo.  The purpose of arbitration in labor agreements is to provide a speedy remedy to violations to contract violations.  Postponing arbitration does not fulfill this purpose, thus, not preserving the status quo.  Because the factors in *Central Valley* are not present, the Court should not stay the proceedings.

## C.   THE COURT SHOULD NOT STAY THE PROCEEDINGS PENDING RESOLUTION OF THE UNFAIR PRACTICE CHARGE BEFORE PERB

The Court should deny Respondent's Motion to Stay pending the resolution of unfair-practice charges before PERB because, exactly like the issue before the NLRB, PERB does not have jurisdiction over the question before the Court.  As WIB notes, the allegations in the Union's unfair-practice charge are "identical issues to those alleged in its NLRB charge."  Def.'s Mot. 9.  Both parties contend that the proper forum for the unfair-practice charge for a violation of the Union and the employees' section 7 rights is the NLRB.  The Union filed the EPRB charge to protect the six (6) month statute of limitations in the event that the NLRB decides that WIB is a public agency.  The Union's Petition to Compel Arbitration should not be stayed pending the resolution of unfair-practice charge before PERB.

## CONCLUSION

For the foregoing reasons, the Petitioner Respectfully requests that the Court grant the Petition to Compel Arbitration, and deny Respondent's Motion to Stay Action or, in the Alternative, to Dismiss.

Specifically, the Union urges the Court issue an order requiring that WIB cooperate with the Union to choose an arbitrator pursuant to the Agreement and submit to the Arbitrator the grievances identified in the First Changed Complaint, Exhibit B:

1.    Job Placement Coach – LaShunda Norris

2.    Change in Work Hours – Disparate Treatment

3.    Employer Paid Medical Benefits – Loretta Dawson

4.    Job Placement Coach – April Zolmek-Portillo

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

17

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB

1      5.      Sheryl Cutler's Personnel File

2      6.      Loretta Dawson's Personnel File

3      7.      Informal Grievance Process

4      8.      Sheryl Cutler's Adverse Employment Action

5      The Union also urges the Court to order WIB pay Petitioner attorneys' fees upon noticed

6 motion and pay the Union's costs upon timely submittal of a Bill of Costs.

7

8 Dated: 9/5/13              WEINBERG, ROGER & ROSENFELD
                                A Professional Corporation

9

10          By:      MATTHEW J. GAUGER

11                          GARY P. PROVENCHER
                         ANTHONY J. TUCCI

12

13                          Attorneys for Plaintiff/Petitioner SERVICE
                         EMPLOYEES INTERNATIONAL UNION,
                         LOCAL 1021

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
(916) 443-6600

Memorandum of Points and Authorities in Support of Plaintiff's Petition To Compel Arbitration and in
Opposition Of Defendant's Motion To Stay Action, or in the Alternative, Motion To Dismiss
Case No. 2:13-cv-01670-WBS-EFB